## Wm. J. Evans, Impleaded with Annie Evans, v. Albert N. Eastman.

1. FORECLOSURE—*Second Mortgage Decree.*—Under a bill to foreclose a second mortgage, if the complainant obtains enough from the proceeds of the sale of the premises to satisfy the incumbrance he represents, the entire object of his suit will be accomplished.

2. Same—*Decree to Follow the Prayer of the Bill.*—Under a bill in chancery praying for the foreclosure of a second mortgage and filed for the sole purpose of obtaining satisfaction thereof, it is error to provide in the decree that if the premises sell for enough to satisfy the amount due and costs, the receiver before appointed is to be continued in the possession of the premises, to care for the same and collect the rents arising therefrom, to apply sufficient thereof, among other things, to the payment of the interest upon the first mortgage, and to pay the balance, if any, to the purchaser at the sale until the property is redeemed, or if not redeemed, until the period of redemption expires.

3. Second Mortgage—*Scope of a Bill of Foreclosure.*—In a proceeding under a bill to obtain satisfaction of a second mortgage, if the complainant obtains enough from the sale of the premises to satisfy the incumbrance he represents, the entire object of his suit will have been attained and his bill will furnish no warrant for doing more.

**Mortgage Foreclosure.**—Error to the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding. Heard in this court at the October term, 1894. Reversed in part and affirmed in part. Opinion filed October 17, 1895.

Consider H. Willet, attorney for plaintiff in error, contended that, if mortgaged property sells for the entire indebtedness, it constitutes a payment of the mortgage debt, and the mortgagor becomes immediately entitled to possession during the period of redemption. A receiver has no right to be retained. Dale v. Davis, 150 Ill. 239.

The decree should not continue the receiver after the sale. If a deficiency decree should be entered showing grounds for a receiver, his appointment after sale should rest upon and be a part of a deficiency decree. Silverman v. N. W. Mutual Life Ins. Co., 5 Ill. App. 124; Humphries v. Allen, 101 Ill. 490; Baker v. Backus, 32 Ill. 79; Nat. Bk. v. Gage, 79 Ill. 207; Jones on Mortgages (5th Ed.), Sec. 1532.

Weigley & Eastman, attorneys for defendant in error, contended that a prior mortgagee is not a proper party in a bill of foreclosure by a junior mortgagee. Warner v. De Witt Co. Nat. Bank, 4 Brad. 305; Crawford v. Munford, 29 Ill. App. 445; Story on Equity Pleading (10th Ed.), Sec. 193 A.

A receiver may be appointed at any stage of the proceedings when it is shown to be necessary in order that complete justice may be done between the parties. Beach on Receivers, Secs. 544, 545; High on Receivers, Sec. 610; Jones on Mortgages, Sec. 1531 (a); Haas v. The Chicago Building Society, 79 Ill. 207; 8 Am. & Eng. Enc. of Law., p. 239 (notes); Oakford v. Robinson, 48 Ill. App. 207.

When the first mortgagee has not taken possession of the property, it is competent for a court of equity to appoint a receiver in behalf of subsequent incumbrancers. Beach on Receivers, Sec. 545; High on Receivers, Sec. 682; Bryan v. McCormick, 1 Cox, 422; Dalmer v. Dashwood, 2 Cox, 378; Tanfield v. Irvine, 2 Russ. 149; Haas v. The Chicago Building Society, 89 Ill. 498; Haugan v. Netland, 51 Minn. 552; 8 Am. & Eng. Enc. of Law, 239 (notes).

In case of an appeal from the decree for the sale of property, it is competent for a court of equity to appoint a receiver to care for and rent the property until it is further ordered. High on Receivers, Sec. 110; Moran v. Johnson, 26 Grat. (Va.) 108; Adkins v. Edwards, 83 Va. 316.

The court will appoint a receiver even after a decree of foreclosure, upon proof that the interest of all parties will be promoted. Beach on Receivers, Sec. 544.

While it rarely happens that courts are called upon to appoint a receiver after a final decree in the case, a power of appointment after a decree, it is well settled, is exercised in cases of great emergency, or where the relief is indispensable for the protection of the parties in interest. High on Receivers, Sec. 110.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

A bill was filed by appellee to foreclose a second mortgage existing under a trust deed containing the following, among other provisions:

" And on the application of the legal holder of said promissory note, or either of them, it shall be lawful for the said grantee, or his successor in trust, to enter into and upon,

Evans v. Eastman.

and take possession of the premises hereby granted or any part thereof, and in his own name or otherwise, to file a bill or bills in any of the courts having jurisdiction thereon against the said party of the first part, their heirs, executors, administrators and assignees, to obtain a decree for the sale and conveyance of the whole or any part of said premises for the purposes herein specified by said party of the second part as such trustee or as special commissioner or otherwise, under order of court, and out of the proceeds of any such sale to first pay the costs of such suit, all costs of advertising, sale and conveyance, including the reasonable fees and commissions of the said party of the second part, or person who may be appointed to execute this trust, and $100 attorney's and solicitor's fees, and also all other expenses of this trust, including all moneys advanced for insurance, taxes and other liens and assessments, with interest thereon at seven per cent per annum. Then to pay the principal of said notes, whether due and payable by the terms thereof, or on the option of the legal holders thereof, and interest on said notes up to the time of said sale, rendering the overplus, if any, unto the said party of the first part, their legal representatives or assignees on reasonable request and to pay any rents that may be collected after such sale and before the time of redemption expires to the purchaser or purchasers of said premises at such sale or sales."

By consent, a receiver of the property in question was appointed in said case, and on answer of plaintiff in error and default of Annie Evans the cause was referred to a master whose finding was in part as follows:

"That there is a prior incumbrance upon said property of $24,000, evidenced by four trust deeds to Paul O. Stensland.

That Robert P. Walker is receiver and has been in possession collecting rents, which are far less than the fixed charges against the property, and the same is scant security for the indebtedness against it."

The court having overruled objections to a second report of the master, entered a decree for the sale of the premises, in which is contained the following:

"It is further ordered that Thomas Taylor, Jr., master, execute this decree; that he give public notice of the time and place and terms of such sale by previously publishing the same for three successive weeks in a secular newspaper of general circulation in said city; the first publication thereof to be at least twenty days prior to the day of sale, and that the complainant, or any of the parties in this cause, may become the purchaser or purchasers. Out of the proceeds he shall retain his fees and see that all costs are paid, and then pay to complainant the amount due under this decree, and if a surplus, bring it into court to abide the further order therein. After the coming in and the confirmation of the master's sale, in case any deficiency is shown in amount due complainant, Albert N. Eastman, shall be entitled to execution against defendant, Wm. J. Evans, personally.

"It is further adjudged and decreed that if the premises so sold shall not have been redeemed within the time allowed by law, the master shall execute a deed to the purchaser; that such purchaser shall be let into the possession of the premises so purchased, and, if necessary, have writ of assistance.

" And it further appearing to the court that the said premises are incumbered by a trust deed to Paul O. Stensland, securing $25,000, the interest on which is long past due and unpaid, that the building standing upon said premises is a large flat building, and the income therefrom is not sufficient to pay fixed charges against said property, and that it is provided in said trust deed that the grantee, or his successor in trust, immediately on default of the payment secured thereby, is entitled to enter into and take possession of said premises and any part thereof, and to collect and receive all rents, issues and profits thereof in his own name, or otherwise, and to continue to collect said rents until the said property shall be redeemed, and that a receiver has heretofore been appointed by the court for the purpose of administering said trust, caring for said property and collecting said rents, and it is for the interest of all parties that the said receiver should continue to act in this capacity until said prop-

erty shall be redeemed, provided that this decree is not paid. It is therefore further ordered, adjudged and decreed, that if this property be sold, that the receiver heretofore appointed in this cause, or any successor that may be appointed by this court, remain in possession and control of said property, and continue to care for and collect the rents therefrom, using sufficient thereof, (1) to the preservation of the property and costs of receivership; (2) to the payment of any deficiency, if any there be, under this decree of sale; (3) to the payment of the interest upon the prior incumbrance of Paul O. Stensland, and the balance, if any, to the purchaser or purchasers of said premises at such sale or sales, until the property shall have been redeemed, or if the same be not redeemed as by statute required, until the period of redemption shall have expired, and then surrender possession thereof to the purchaser or purchasers, obtaining a deed therefor under this decree of sale, and to make report of his acts and doings in the premises, as required by the court from time to time hereafter."

The effect of this decree as to the receiver appointed before and thus ordered to be continued after sale, is that if the premises should sell for the full amount of the decree and costs of sale, thereby satisfying the judgment, the receiver is to be continued and is to apply amounts by him received from the property, " 3d, to the payment of the interest upon a prior incumbrance;" while the effect of the section ordering that he shall pay "the balance, if any, to the purchaser or purchasers of said property at such sale or sales until the property shall have been redeemed, or if the same be not redeemed, as by statute required, until the period of redemption shall have expired," is that the purchasers at the sale are in a certain contingency to receive the rents before they are entitled to either a deed or possession of the premises.

We are not aware of any authority for such a decree.

As to the clause in the mortgage which is said to justify it, it is sufficient to say that the bill asks no such relief; it seeks only to obtain satisfaction of the mortgage it is filed to foreclose.

The bill in this case is for the foreclosure of a second mortgage, and is not for the payment in whole or part, of the first. It is unnecessary to discuss the propriety of the receiver being ordered before sale to pay interest maturing upon the first mortgage; it is sufficient to say that in this proceeding, if the complainant, from the sale, obtains enough with which to satisfy the incumbrance he represents, the entire object of this suit will have been attained, and that the bill furnishes no warrant for doing more.

We are at a loss to understand how the purchasers at the sale, who may be entire strangers to this proceeding and who may, upon redemption, receive the entire amount paid by them with statutory interest, can be entitled, also, to the rents of the premises during the period allowed for redemption.

All of the decree of the court below except that portion continuing the receiver after sale is affirmed. So much of the decree as directs that the receiver be continued after sale, and directs what he shall do with moneys by him thereafter received, is reversed; if upon a sale the decree shall not be satisfied, appellee can obtain a deficiency decree and ask that the receiver be continued until the same shall be satisfied. Reversed in part and affirmed in part. Appellant will recover his costs in this suit.